## Statement of the Facts

1.) On June 14, 2004 I Michael P. Halle, notified Hernando County, Florida, that I was requesting final disposition, on any and all untried indictments, informations or complaints, in which a detainer has been lodged against me. This notification was sent U.S. certified mail, return receipt requested. Received and filed June 24, 2004. At which time it was sent back requesting more information.

2.) On June 22, 2004 The Hampden County Sheriffs Office, filed the proper forms for Interstate Agreement on Detainers. Pursuant to Michael P. Halle requesting final disposition. At which time there was two detainer holds in the State of Florida. Both in the Fifth Judicial Circuit, Hernando and Marion Counties. State Attorney for this Circuit is Bradley E. King.

3.) Offer of Temporary Custody was accepted by Bradley E. King State Attorney.

4.) In response to Hernando County requesting more information. Petitioner, Michael P. Halle, sent another notice for final disposition. This was sent to the appropriate court of Hernando County Florida, Also a copy was sent to the Assistant State wide Prosecutor for the State of Florida. Included in this document, was the case No.: 021144, Certificate of inmate status, and a copy of the charges, in which the detainer has been lodged. These documents were dated July 14, 2004 and sent U.S. certified mail return receipt requested. Received by both parties on July 22, 2004.

5.) The State of Florida, transported Michael P. Halle, from Hampden County Sheriffs Office, Ludlow, Ma. to Marion County Florida, Ocala, Fla. Petitioner was picked up August 19, 2004 and arrived August 23, 2004.

6) Hernando County Florida, Notified Marion County Jail of their hold on Michael P. Halle, on August 24, 2004.

7.) Michael P. Halle was present with the Assistant Statewide Prosecutor, Thomas D. Smith. In the Honorable Judge Victor J. Musleh's Chambers, For a Status Check on Hernando County Case; 021144 CF. This conference took place on October 5, 2004, at 10:00 AM.

8.) On October 11, 2004, The Assistant Statewide Prosecutor, Thomas D. Smith. Filed a motion for another Status Check, and notice to appear, October 11, 2004. The State of Florida failed to transport, said petitioner Michael P. Halle, to Hernando County Court for theese proceedings.

9.) On November 15, 2004, I Michael P. Halle pled out to 3 years Probation, In Marion County Florida, in front of Judge Victor J. Musleh. On all Marion County charges.

10.) The petitioner Michael P. Halle, was returned to Marion County Jail, to await being transported to Hernando County, for final disposition of all untried indictments, informations, or complaints, through out the state of Florida. Pursuant to the Interstate Agreement on Detainers.

11.) On December 7, 2004, The State of Florida, transported said Petitioner Michael P. Halle, To Ludlow Massachusetts. Hampden County Jail & Corectional Center, The original place of incarceration.

12) In January 2005, I Michael P. Halle, was made aware, that I was a wanted person in Hernando County Florida, Case No. 021144 CF.

13.) On January 29, 2005 I, Michael P. Halle sent a petition for Writ of Habeus Corpus, to Hernando County Florida. This was received and filed January 31 2005 And set for hearing, March 17, 2005. Which was denied due to no Jurisdiction Petitioner in Custody out of state.

14.) On March 18, 2005, I Michael P. Halle completed my committment of 18 mos, to the commonwealth of Massachusetts.

15.) On March 21, 2005 I, Michael P. Halle was ordered held for Hernando County Florida, Case No.: 021144 CF. At which time the Honorable Judge Polar, notified Florida that I would not waive Extradition, Palmer Court Docket No. 05-430647. Fugitive of Justice Status.

16.) The Interstate Agreement on Detainers (Pub. L. 91-538 1-9 Dec. 9, 1970, 84 Stat. 1397-1403)
   Article III Paragraph d. Provides that, If trial is not had on any indictment, information, or complaint, contemplated hereby prior to the return of the prisoner to the original place of imprisonment, such indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

16. a) Article V paragraph c. Provides that, If the appropriate authority shall refuse or fail to accept temporary custody of said person, or in the event that an action on the indictment, information, or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided in article III (180 days) or article IV hereof, the appropriate court of the jurisdiction where the indictment, information, or complaint has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect.

17.) All pertinent and necessary documents included.

Wherefore the above said petitioner Michael Patrick Halle respectfully requests relief sought herein.

Respectfully Submitted

*Michael P. Halle*

Michael P. Halle Pro Se
629 Randall Rd.
Ludlow Ma. 01056