"Supporting Documents"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS ( SPRINGFIELD )

MICHAEL P. HALLE                                    DOCKET NUMBER:

V.

PALMER DISTRICT COURT                   *Palmer District Court*
PALMER, MASSACHUSETTS                    *Docket No.: 05-43 0647*

## PETITION FOR A WRIT OF HABEAS CORPUS

The petitioner, Michael P. Halle, hereby moves this most Honorable Court pursuant
to the Interstate Agreement on Detainers (**Pub.L. 91–538 1-9 Dec. 9, 1970, 84 Stat.
1397–1403**). The petitioner also moves, as well as prays, that a Writ of Habeas Corpus
issue for the release of Michael P. Halle, from restraint by named respondents, their
agents and other sucessors and by such other respondents as maybe added to this pet-
ition by amendment.

The petitioner also moves that this petition be placed on the docket immediately
and scheduled for a hearing as soon as possible, once a docket number is issued.

RESPECTFULLY SUBMITTED,

*Michael P. Halle*

MICHAEL P. HALLE, PRO SE
629 RANDALL ROAD
LUDLOW, MA. 01056-1079

DATED: 3/25/05

# HAMPDEN COUNTY SHERIFF'S DEPARTMENT AND CORRECTIONAL CENTER

### INMATE REQUEST

To: _Barry Conway_

From: _Michael P. Halle_ Person # _105-758_

Inmate Name

Date _3/6/05_ POD _C-5_ Cell _21_

Request _Would you please find out the case # for the Warrant (Hernando County) Fla._

Inmates Signature: _Michael P. Halle_

Received by: _Cpl. Breault_

STAFF RESPONSE:

Approved ☐ Denied ☐ (state reason)

_2002-1144 CF_

_Appeals 2/2/04 ??_

Employee Name/Title _____ Date _3/8/05_

WHITE - Unit File     YELLOW - Inmate     PINK - Kept by Inmate

HCHOC-0021 (3-Part) (9-4-92) (7-96) (187)



June 14, 2004

Michael P. Halle Pro Sé defendant
    V.
State of Florida  , Hernando County

    I Michael P. Halle, hereby notify
the appropriate Court of Hernando County Florida,
of my request, for final disposition of
any untried indictments, information or Complaint,
on the basis of which a detainer has been
lodged against me. Pursuant to the "Interstate
Agreement on Detainers Act" (Pub. L. 91-538
Dec. 9, 1970, 84 Stat. 1397

    Included is an official, authorized
certificate, Stating, The term of my
committment to the Commonwealth of Massachuset,
The time I've already served, The time remaining
to be served, the amount of good time
earned, and the time of my parole eligibility.

                Please be governed
                    accordingl y,
                Respectfully Submitted,
                Michael P. Halle

ME. Halle we need more information of what

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse
  so that we can return the card to you.
- Attach this card to the back of the mailpiece,
  or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by ( *Printed Name*)    C. Date of Delivery

1. Article Addressed to:

HERNANDO COUNTY
    CLERK OF COURT
20 N. MAIN STREET
    RM 130
BROOKSVILLE FL 34601

D. Is delivery address different from item 1?    ☐ Yes
    If YES, enter delivery address below:    ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)    ☐ Yes

2. Article
    (Transfe

PS Form

95-02-M-1540

*8-23-04*                                                **Form 2**

Five copies, if only one jurisdiction within the state involved has an indictment, information or complaint pending. Additional copies will be necessary for prosecuting officials and clerks of court if detainers have been lodged by other jurisdictions within the state involved. One copy should be retained by the prisoner. One signed copy should be retained by the warden. Signed copies must be sent to the Agreement Administrator of the state which has the prisoner incarcerated, the prosecuting official of the jurisdiction which placed the detainer, and the clerk of the court which has jurisdiction over the matter. The copies for the prosecuting officials and the court must be transmitted by certified or registered mail, return receipt requested.

Agreement on Detainers: Form 2

# INMATE'S NOTICE OF PLACE OR IMPRISONMENT AND REQUEST FOR DISPOSITION OF INDICTMENTS, INFORMATIONS OR COMPLAINTS

TO:     **BRADLEY E. KING STATE'S ATTORNEY**     , Prosecuting Officer,     **MARION COUNTY**
                                                                          (jurisdiction)

              **SUPERIOR COURT**              , Court        **MARION COUNTY**
                                                                 (jurisdiction)

And to all other prosecuting officers and courts of jurisdictions listed below from which indictments, informations or complaints are pending.

          You are hereby notified that the undersigned is now imprisoned in

    **HAMPDEN COUNTY SHERIFF'S**        at        **629 RANDALL ROAD LUDLOW MA 01056**
         **DEPARTMENT**
              (institution)                                    (town and state)

and I hereby request that a final disposition be made of the following indictments, informations or complaints now pending against me:**UTTER FORGED INSTRUMENT AND GRAND THEFT**

Failure to take action in accordance with the Agreement on Detainers, to which your state is committed by law, will result in the invalidation of the indictments, informations or complaints.

          I hereby agree that this request will operate as a request for final disposition of all untried indictments, informations or complaints on the basis of which detainers have been lodged against me from your state. I also agree that this request shall be deemed to be my waiver of extradition with respect to any charge or proceeding contemplated hereby or included herein, and waiver of extradition to your state to serve any sentence there imposed upon me, after completion of my term of imprisonment in this state. I also agree that this request shall constitute a consent by me to the production of my body in any court where my presence may be required in order to effectuate the purposes of the Agreement on Detainers and a further consent voluntarily to be returned to the institution in which I now am confined.

          If jurisdiction over this matter is properly in another agency, court or officer, please designate the proper agency, court or officer and return this form to the sender.

          The required Certificate of Inmate Status and Offer of Temporary Custody are attached.

DATED:     **JUNE 22, 2004**                              **MICHAEL HALLE 105758**
                                                              (Inmate's name and number)

          The inmate must indicate below whether he has counsel or wishes the court to appoint counsel for purposes of any proceedings preliminary to trial which may take place before his delivery to the jurisdiction in which the indictment, information or complaint is pending. Failure to list the name and address of counsel will be construed to indicate the inmate's consent to the appointment of counsel by the appropriate court in the receiving state.

A. My counsel is
                                                        (name of counsel)

    whose address is
                                                        (street, city and state)

B: I request the court to appoint counsel.             *Michael P. Halle*
                                                        (Inmate's signature)

Form 3

In the case of an inmate's request for disposition under Article III, copies of this Form should be attached to all copies of Form 2 in the case of a request initiated by a prosecutor or under Article IV, copy of this Form should be sent to the prosecutor upon receipt by the warden of Form 5. Copies also should be sent to all other prosecutors in the same state who have lodged detainers against the inmate. A copy may be given to the inmate.

Agreement on Detainers: Form 3

## CERTIFICATE OF INMATE STATUS

RE:    **MICHAEL HALLE**      **105758**      **HAMPDEN COUNTY SHERIFF'S DEPARTMENT**      **629 RANDALL ROAD LUDLOW MA 01056**

          (Inmate)          (number)          (Institution)          (location)

The [ custodial authority ] hereby certifies:

1. The term of commitment under which the prisoner above named is being held:**540 DAYS**

2. The time already served:**234 DAYS**

3. Time remaining to be served on the sentence:**306 DAYS**

4. The possible good time discharge date:**APRIL 17, 2005**

5. The date of parole eligibility of the prisoner:**OCT. 21, 2004**

6. The decisions of the Board of Parole relating to the prisoner: (if additional space is needed, use reverse side)**HAS NO SEEN PAROLE AS OF YET**

7. Maximum expiration date under present sentence or sentences:**APRIL 17, 2005**

8. Detainers Currently on file against this inmate from your state are as follows:

**01-02641 UTTER FORGED INST. AND GRAND THEFT**
**01-2366 UTTER FORGED INST. AND GRAND THEFT**
**01-01948 UTTER FORGED INST. AND GRAND THEFT**
**01-01780 UTTER FORGED INST. AND GRAND THEFT**
**02-04410 UTTER FORGED INST. AND GRAND THEFT**
**02-02163 UTTER FORGED INST. AND GRAND THEFT**

DATED:      **JUNE 22, 2004**

                           **SHERIFF MICHAEL J. ASHE JR.**
                                   Custodial Authority

BY:                     **VELIKIA V. MURRAY INTAKE**

Form 4

In the case of an inmate's request for disposition under Article III, copies of this Form should be attached to all copies of Form 2. In case of a request initiated by a prosecutor this Form should be completed after the Governor has indicated his approval of the request for temporary custody or after the expiration of the 30 day period. Copies of this Form should be sent to all officials who previously received copies of Form 3. One copy also should be given to the prisoner and one copy should be retained by the warden. Copies mailed to the prosecutor should be sent by certified or registered mail, return receipt requested.

Agreement on Detainers: Form 4

## ORDER TO DELIVER TEMPORARY CUSTODY

Date        June 22, 2004

TO:      **BRADLEY E. KING STATE'S ATTORNEY**      Prosecuting Officer      **SUPERIOR COURT**
(insert name and title if known)

**MARON COUNTY**
(jurisdiction)

And to all other prosecuting officers of jurisdictions listed below from which indictments, informations or complaints are pending.

RE:      **MICHAEL HALLE**      Number      **105758**
(inmate)

Dear Sir:

Pursuant to the provisions of Article V of the Agreement on Detainers between this state and your state, the undersigned hereby offers to deliver temporary custody of the above-named prisoner to the appropriate authority in your state in order that speedy and efficient prosecution may be had of the indictment, information or complaint which is [ described in the attached inmate's request ] [ described in your request for custody of .

_____ ]
(date)

[ The required Certificate of Inmate Status is enclosed. ] [ The required Certificate of Inmate Status was sent to you with our letter of _____ ]
(date)

If proceedings under Article IV(d) of the Agreement are indicated, an explanation is attached.

Indictments, informations or complaints charging the following offenses also are pending against the inmate in your state and you are hereby authorized to transfer the inmate to custody of appropriate authorities in these jurisdictions for purposes of disposing of these indictments, informations or complaints.

| Offense | County or Other Jurisdiction |
|---|---|
|  |  |
|  |  |
|  |  |

If you do not intend to bring the inmate to trial, will you please inform us as soon as possible? Kindly acknowledge.

**SHERIFF MICHAEL J. ASHE JR.**
(name and title of custodial authority)
BY:      **VELIKIA V. MURRAY INTAKE**

**629 RANDALL ROAD LUDLOW MA 01056**
(stitution and address)

July 14, 2004
Case # 020011 44 CFMA

Michael P. Halle   Pro se defendant
        Vs.
State of Florida, Hernando County

        In The Circuit Court of The Fifth
Judicial Circuit In and For Hernando
County Florida.

        I Michael P. Halle, here by notify
the appropriate court of Hernando County
Florida, of my request, for final disposition
of any untried indictments, informations of
Complaints, on the basis of which a detainer
has been lodged against me. Pursuant to
the "Interstate Agreement on Detainers Act."
(Pub. L. 91-538 Dec. 9, 1970, 84 Stat 1397.

        Included is an official, authorized
certificate, Stating, The term of my commitment
to the Commonwealth of Massachusetts, The time
already served, Time remaining, amount of good time,
earned, and Parole eligibility date. Also included
is a copy of the charges in which the detainer
has been lodged against me. Please be governed
                accordingly, Respectfully Submitted
                                Michael P. Halle

# HAMPDEN COUNTY CORRECTIONAL CENTER

## LEGAL RESOURCES DEPARTMENT

**TO:**      **MICHAEL P. HALLE (C2-003)**

**FROM:**    **WILLIAM M. FITZGERALD**

**DATE:**    **JUNE 14, 2004**

**RE:**      **REQUEST FORM RECEIVED 6-14-04**

Dear Mr. Halle:

Your incarceration at the Hampden County Correctional Center (HCCC) began on October 10, 2003. You are scheduled to be released from the HCCC on April 17, 2005.

You have thus far been credited with 141 days served. Ninety (90) of those days relate to pre-trial time served, and two (2) days are in reference to good time earned. As of this date, you have 307 days of incarceration remaining.

Your parole eligibility date is October 21, 2004.

I hereby certify that the foregoing information is true and correct as of June 14, 2004.

William M. Fitzgerald
General Counsel
Hampden County Correctional Center
627 Randall Road
Ludlow, MA 01056-1079

DATE: 11/20/2002

TO: MICHAEL PATRICK HALLE
    9663 SE 162ND PLACE

    SUMMERFIELD FL 34491-

                    NOTICE TO APPEAR

Re:   State of Florida -vs- MICHAEL PATRICK HALLE
      Case No. 02001144CFMA
      Charge(s) RACKETEERING
              CONSPIRACY TO COMMIT RACKETEERING
              ORGANIZED FRAUD LESS THAN 20000
              UTTERING A FORGED INSTRUMENT
              UTTERING A FORGED INSTRUMENT
              UTTERING A FORGED INSTRUMENT
              UTTERING A FORGED INSTRUMENT
              UTTERING A FORGED INSTRUMENT
              UTTERING A FORGED INSTRUMENT
              UTTERING A FORGED INSTRUMENT
              UTTERING A FORGED INSTRUMENT
              UTTERING A FORGED INSTRUMENT
              UTTERING A FORGED INSTRUMENT
              UTTERING A FORGED INSTRUMENT
              UTTERING A FORGED INSTRUMENT
              UTTERING A FORGED INSTRUMENT
              UTTERING A FORGED INSTRUMENT
              UTTERING A FORGED INSTRUMENT
              UTTERING A FORGED INSTRUMENT
              UTTERING A FORGED INSTRUMENT
              UTTERING A FORGED INSTRUMENT
              UTTERING A FORGED INSTRUMENT
              UTTERING A FORGED INSTRUMENT

You are hereby notified that the above styled case has been
scheduled for: PRE TRIAL & MOTN HRG

This is your NOTICE TO APPEAR ON 12/09/2002 at 0 am

before the Honorable R TOMBRINK in Courtroom B

of the HERNANDO COUNTY COURTHOUSE, BROOKSVILLE FL 34601

If this office can be of further assistance please advise.

HONORABLE KAREN NICOLAI
Clerk of Circuit and County Court

Deputy Clerk

IN ACCORDANCE WITH THE AMERICAN'S WITH DISABILITIES ACT,

*Michael P. Halle*

name & D.C #: Michael P. Halle

518518

Certificate of Service

Defendant certifies that a copy hereof has been furnished to the State Attorney Thomas D. Smith, State Wide Prosecutor 4211 North Lois Avenue Tampa Fla. 33614 by United States mail First class postage

Respectfully Submitted, this 14th day of July, 2004

*Michael P. Halle*

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

1. Article Addressed to:

THOMAS D SMITH
OFFICE OF
STATEWIDE PROSECUTION
4211 N. LOIS AVE
TAMPA FLA 33614

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. A

PS

102595-02-M-1540

---

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X    CLERK OF COURT
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
   Karen Nicola

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

1. Article Addressed to:

KAREN NICOLAI
CLERK OF CIRCUIT
        COURT
HERNANDO COUNTY
20 N. MAIN ST
BROOKSVILLE Fl 34601
        2800

JUL 22 2004

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)    7004 0550 0000 8927 4830

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

 **SHERIFF** - Marion County
**CERTIFICATE OF JAIL TIME** 

# CERTIFICATION OF JAIL TIME

This is to certify that  MICHAEL P. HALLE                                      served time

in the Marion County Jail from  AUGUST 23,2004                                      until

  PRESENT (CURRENTLY UNSENT.)          @

**Signed**  _Cpl. Sarah_

**Date**    **111204**

Sarah H. Rath
Commission # DD266143
Expires February 15, 2008
Bonded Troy Fain - Insurance, Inc  800-385-7019

**S.O. CASE #   S02-3521,22,26,96,35492,**
                     S03-7867

Hold placed for Hernando
County on Aug. 24. 2004,
Hold for Massachusetts
effective until 4/17/05.

**IN THE CIRCUIT COURT OF THE FIFTH CIRCUIT JUDICIAL CIRCUIT
IN AND FOR HERNANDO COUNTY, FLORIDA**

STATE OF FLORIDA,                           CASE NO.:   02-1144 CF

      Plaintiff,                          OSWP NO.:   2002-0161-TPA

v.

MICHAEL PATRICK HALLE,

      Defendant.

_____/

## MOTION FOR STATUS CHECK

The State of Florida, through the undersigned Assistant Statewide Prosecutor and pursuant to Fla.R.Cr.P. 3.190(a), respectfully requests that this Honorable Court order a Status Check in the above-styled cause for the following reasons:

1.      Defendant failed to appear for his trial date of April 28, 2003.  Defendant is now in custody in the Marion County Jail.

2.      The State would request to get this case back before a court in Hernando County.

WHEREFORE, the State respectfully requests that this Honorable Court order a Status Check of this case for <u>October 21, 2004</u> at <u>9:00 a.m.</u> in front of the Honorable Jack Springstead, Circuit Court Judge.

## CERTIFICATION

I, the undersigned Assistant Statewide Prosecutor, certify that this Motion for Status Check is made in good faith and not for the purposes of delay.

Respectfully submitted this ___/_/___ day of October, 2004.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy hereof has been furnished to Michael Patrick Halle, pro-se defendant, c/o Marion County Jail, 700 N.W. 30th Avenue, Ocala, Florida 34475, by First Class U.S. Mail this _/_/_ day of October, 2004.

PETER H. WILLIAMS
STATE OF FLORIDA
OFFICE OF STATEWIDE PROSECUTION

THOMAS DALE SMITH
Assistant Statewide Prosecutor
Florida Bar No: 0050733
3507 Frontage Road, Suite 200
Concourse Center 4
Tampa, Florida 33607
813-287-7960
(Fax) 813-281-5520

## IN THE CIRCUIT COURT OF THE FIFTH CIRCUIT JUDICIAL CIRCUIT
## IN AND FOR HERNANDO COUNTY, FLORIDA

STATE OF FLORIDA,
    Plaintiff,

CASE NO.:  02-1144 CF
OSWP NO.:  2002-0161-TPA

v.

MICHAEL PATRICK HALLE,
    Defendant.
_____/

### NOTICE OF HEARING

TO:    **Michael Patrick Halle**
      **Marion County Jail**
      **700 N.W. 30th Avenue**
      **Ocala, Florida 34475**

PLEASE TAKE NOTICE that the State has set the following hearing before the Honorable Jack Springstead at the Hernando County Courthouse, 20 North Main Street, Brooksville, Florida 34601.

DATE: <u>October 21, 2004</u>   TIME: <u>9:00 a.m.</u>, or as soon thereafter as counsel may be heard:

      **Status Check**

PLEASE TAKE NOTICE and govern yourself accordingly.

    Respectfully submitted this ___11___ day of October, 2004.

                PETER H. WILLIAMS
                STATE OF FLORIDA
                OFFICE OF STATEWIDE PROSECUTION

                THOMAS DALE SMITH
                Assistant Statewide Prosecutor
                Florida Bar No: 0050733
                3507 Frontage Road, Suite 200
                Concourse Center 4
                Tampa, Florida 33607
                813-287-7960
                (Fax) 813-281-5520

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy hereof has been furnished to Michael

Patrick Halle, pro-se defendant, c/o Marion County Jail, 700 N.W. 30th Avenue, Ocala, Florida

34475, by First Class U.S. Mail this _____ day of October, 2004.

**THOMAS DALE SMITH**
Assistant Statewide Prosecutor

F:\USERS\SWP\Thomas Smith\Halle\NotHrg102104.wpd

## HAMPDEN COUNTY SHERIFF'S DEPARTMENT
## AND CORRECTIONAL CENTER

### INMATE REQUEST

To: _A.D.S. Weldon_

From: _Michael P. Halle_    Person # _105758_

Inmate Name

Date _3/9/05_    POD _C-5_    Cell _21_

Request _I need a print out, of my time here. 10/9/03, a hold put into the Computer 2/2/04 (C21144CF/ Hernando County, Fla.) Transported to Fla. 8/19/04 and returned 12/8/04._

Inmates Signature: _Michael P. Halle_

Received by: _____ #278_

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

STAFF RESPONSE:

Approved ❏    Denied ❏    (state reason)

_We do not give copies of our records that WAY. You can have your CASEworker write but - OR- if they don't know the specifics your CASEworker can get together with our time computation_

Employee Name/Title _A/S Weldon_    Date _3/10/05_

WHITE - Unit File         YELLOW - Inmate         PINK - Kept by Inmate

HCHOC-0021 (3-Part) (9-1-92) (7-96) (167)

_officer who will help them write it out._

_No official printouts are given_    _over —_

**Barry D. Conway,** LADC II
Substance Abuse Unit



627 Randall Road
Ludlow, MA 01056-1079

413-547-8000  *ext. 2759*

Michael,
This is best I can
do. You are currently
that case # 0d1144 CF
was placed in computer
on 2/3/04.
8/19/04 - 12/8/04 you were
in PA

Hope all your troubles
are worked out.
Good Luck.
Barry Lad

P.S. Enclosed is my card
should you need it
call me.

**COURT ORDER**

'ALLE, MICHAEL P
02-1144-CF

1- RACKETEERING
2- CONSPIRACY / RACKETEERING
3- ORG. FRAUD <$50,000
PET / WRIT HAB CORP 4-24 — UTTERING FORGED INSTR.
... ... ...

PROSECUTOR _Smith, Thomas D_
ATTORNEY _Pro Se_

**DEFENDANT:**

☐ PRESENT  ☐ LATE  ☒ NOT PRESENT  ☐ FTA  ☐ WAIVED
☐ CAPIAS/RE-COMMITMENT  ☐ BOND SET AT/REDUCED TO _____
☐ REMANDED INTO CUSTODY
☐ CONTINUED AT REQUEST OF ☐ DEFENDANT ☐ STATE ☐ COURT TO:
_____ @ _____ AM/PM FOR _____
☐ WITH SUBPOENAS  ☐ W/O SUBPOENAS  ☐ CLERK-NOTIFY
☐ WAIVED READING  ☐ SPEEDY TRIAL WAIVED  ☐ TOLLED
☐ INDIGENT/PD APTD  ☐ SAPD APTD  ☐ NOT QUAL. PD
☐ HIRE PRIVATE ATTN.  ☐ WAIVED COUNSEL
☐ INTERVIEW-PTI  ☐ STRICKEN-PTI  ☐ PTI SUPERVISION _____ MOS

**BOND:**

☐ BOND FORFEITED-FTA  ☐ FORFEITURE SET ASIDE
☐ BOND REINSTATED
☐ RECALL CAPIAS/RCO  ☐ SET ASIDE CAPIAS/RCO
☐ CALL S.O.  ☐ RELEASE BOND
☐ CONVERT CASH BOND TO FINE/COSTS - REFUND BALANCE

☐ PREVIOUS PLEA WITHDRAWN  ☐ NOT GUILTY/DENY
☐ GUILTY/ADMIT  ☐ NOLO CONTENDERE
☐ LESSER/AMENDED _____
_____
_____
☐ PSI/PDR ORDERED/WAIVED  ☐ WAIVE VOP/VOCC HEARING

☐ GUILTY  ☐ NOT GUILTY  ☐ WITHHELD
☐ LESSER/AMENDED  ☐ ACQUITTED
☐ JURY TRIAL VERDICT  DATE:_____
☐ MERGE/ DISMISS CT _____ WITH _____
☐ DISMISS  ☐ NOLLE PROSEQUI _____
☐ NO INFORMATION _____ ☐ REMANDED _____

☐ DOC _____
_____
☐ CONC _____ ☐ CONSEC _____
☐ HCJ _____ ☐ SPEC COND PROBATION
_____
☐ CONC _____ ☐ CONSEC _____
☐ WEEKEND JAIL BEGINNING _____
☐ CREDIT TIME _____ ☐ NO CONTACT CO-DEFENDANT(S)
☐ NO CONTACT  ☐ NO VIOLENT CONTACT VICTIM-FAMILY-PROPERTY
☐ RESTITUTION $ _____ ☐ TBD ☐ PER PROB ☐ RESERVE ☐ J&S
☐ TERM-ALL CONDITIONS MET _____ ☐ NO EARLY TERM
☐ TERMINATE PROBATION  ☐ RELEASE TODAY THIS CASE

☐ PROB _____  ☐ COMM CONT _____
☐ CONC _____  ☐ CONSEC _____
☐ COMMUNITY WORK HOURS _____ ☐ IN LIEU OF FINE
☐ REVOKE/REINSTATE/MODIFY ☐ MAY TRANSFER TO
☐ PREV COND APPLY  ☐ WAIVE COS ☐ PRIOR ☐ FUTURE
☐ TESTIFY TRUTHFULLY  ☐ MENTAL HEALTH  ☐ SUB. ABUSE
☐ DRUG SCREEN  ☐ NO ALCOHOL/BARS  ☐ ANGER MGMNT
☐ RESIDENTIAL DRUG TREATMENT
☐ DVP ☐ GED ☐ LETTER ☐ BIP ☐ DNA TEST ☐ LIFE SKILLS
☐ ADDNL. SPECIAL COND _____

☐ GRANTED  ☒ DENIED  ☐ REDUCE TO JUDGMENT

_Pet. for Habeas Corp..._
_no juris._
_in Custody 0-0-State_

☐ FINE  $ _____  ☐ MAND. COSTS  $ _____
☐ 5%  $ _____  ☐ PD APP FEE  $ 40.00
☐ ASLT/BAT  $ 201.00  ☐ PD FEES/COSTS $ _____
☐ RAPE CRISIS  $ 151.00  ☐ C.A.M.  $ 101.00
☐ OTHER: _____  $ _____

**YOU MUST APPEAR IN THE CIRCUIT COURT, IN HERNANDO COUNTY, BROOKSVILLE, FLORIDA, ON THE COURT DATE LISTED ABOVE.**
**FAILURE TO COMPLY MAY RESULT IN A CAPIAS/WARRANT/RCO BEING ISSUED FOR YOUR ARREST.**

DEFENDANT/ATTORNEY FOR DEFENDANT
KAREN NICOLAI, CLERK OF CIRCUIT COURT

BY: _____ , D.C.

DONE AND ORDERED IN OPEN COURT/CHAMBERS
THIS _17_ DAY OF _MARCH_ , 200 _5_

_____
CIRCUIT JUDGE

FORM 301  WHITE- CLERK  GREEN-SAO  CANARY-PUBLIC DEFENDER  PINK-PROBATION  GOLDENROD-DEFENDANT/JAIL  ☐ BONDSMAN  ☒ JAIL

HCJ

## CERTIFICATE OF SERVICE

I, Michael P. Halle, hereby certify that on March 25, 2005, I served a copy
of the attached petition for Writ of Habeas Corpus by mailing a copy, postage pre-
paid to the following:

Thomas D. Smith, Esq.
Office of Statewide Prosecution
Concourse Center 4
3507 Frontage Road - Suite 200
Tampa, FL. 33607

William M. Bennett, Esq.
Hampden County District Attorney
50 State Street - P.O. Box 559
Springfield, MA. 01103-0559

Michael J. Ashe, Jr.
Hampden County Sheriff
627 Randall Road
Ludlow, MA. 01056-1089

Palmer District Court
235 Sykes Street - Suite 2
Palmer, MA. 01069

MICHAEL P. HALLE, PRO SE
629 RANDALL ROAD
LUDLOW, MA. 01056-0179

# APPENDIX 2

# INTERSTATE AGREEMENT ON DETAINERS

### Pub.L. 91–538, §§ 1–9, Dec. 9, 1970, 84 Stat. 1397–1403

Sec.
1. Short title.
2. Enactment into law of Interstate Agreement on Detainers.
3. Definition of term "Governor" for purposes of United States and District of Columbia.
4. Definition of term "appropriate court".
5. Enforcement and cooperation by courts, departments, agencies, officers, and employees of United States and District of Columbia.
6. Regulations, forms, and instructions.
7. Reservation of right to alter, amend, or repeal.
8. Effective date.
9. Special provisions when United States is a receiving State.

## § 1. Short title

This Act may be cited as the "Interstate Agreement on Detainers Act".

(Pub.L. 91–538, § 1, Dec. 9, 1970, 84 Stat. 1397.)

### HISTORICAL AND STATUTORY NOTES

**Codifications**

The Interstate Agreement on Detainers is also set out in sections 24–701 to 24–705 of the District of Columbia Code.

**Complementary Laws:**

Ala.—Code 1975, § 15–9–81.
Alaska—AS 33.35.010 to 33.35.040.
Ariz.—A.R.S. §§ 31–481, 31–482.
Ark.—A.C.A. §§ 16–95–101 to 16–95–107.
Cal.—West's Ann.Cal.Penal Code, §§ 1389 to 1389.8.
Colo.—West's C.R.S.A. §§ 24–60–501 to 24–60–507.
Conn.—C.G.S.A. §§ 54–186 to 54–192.
Del.—11 Del.C. §§ 2540 to 2550.
D.C.—D.C. Code 1981, §§ 24–701 to 24–705.
Fla.—West's F.S.A. §§ 941.45 to 941.50.
Ga.—O.C.G.A. §§ 42–6–20 to 42–6–25.
Hawaii—HRS §§ 834–1 to 834–6.
Idaho—I.C. §§ 19–5001 to 19–5008.
Ill.—S.H.A. 730 ILCS 5/3–8–9.
Ind.—West's A.I.C. 35–33–10–4.
Iowa—I.C.A. §§ 821.1 to 821.8.
Kan.—K.S.A. 22–4401 to 22–4408.
Ky.—KRS 440.450 to 440.500.
Me.—34–A M.R.S.A. §§ 9601 to 9609.
Md.—Code, Correctional Services, §§ 8–401 to 8–417.
Mass.—M.G.L.A. c. 276 App., §§ 1–1 to 1–8.
Mich.—M.C.L.A. §§ 780.601 to 780.608.
Minn.—M.S.A. § 629.294.
Mo.—V.A.M.S. §§ 217.490 to 217.520.
Mont.—MCA 46–31–101 to 46–31–204.
Neb.—R.R.S.1943, §§ 29–759 to 29–765.
Nev.—N.R.S. 178.620 to 178.640.
N.H.—RSA 606–A:1 to 606–A:6.
N.J.—N.J.S.A. 2A:159A–1 to 2A:159A–15.
N.M.—NMSA 1978, § 31–5–12.
N.Y.—McKinney's CPL § 680.20.
N.C.—G.S. §§ 15A–761 to 15A–767.
N.D.—NDCC 29–34–01 to 29–34–08.
Ohio—R.C. §§ 2963.30 to 2963.35.
Okl.—22 Okl.St.Ann. §§ 1345 to 1349.
Ore.—ORS 135.775 to 135.793.
Pa.—42 Pa.C.S.A. §§ 9101 to 9108.
R.I.—Gen. Laws 1956, §§ 13–13–1 to 13–13–8.
S.C.—Code 1976, §§ 17–11–10 to 17–11–80.
S.D.—SDCL 23–24A–1 to 23–24A–34.
Tenn.—T.C.A. §§ 40–31–101 to 40–31–108.
Tex.—Vernon's Ann.Texas C.C.P. art. 51.14.
U.S.—18 U.S.C.A.App.
Utah—U.C.A.1953, 77–29–5 to 77–29–11.
Vt.—28 V.S.A. §§ 1501 to 1509, 1531 to 1537.
Va.—Code 1950, §§ 53.1–210 to 53.1–215.
Wash.—West's RCWA 9.100.010 to 9.100.080.
W.Va.—Code, 62–14–1 to 62–14–7.
Wis.—W.S.A. 976.05, 976.06.
Wyo.—Wyo.Stat.Ann. §§ 7–15–101 to 7–15–105.

## § 2. Enactment into law of Interstate Agreement on Detainers

The Interstate Agreement on Detainers is hereby enacted into law and entered into by the United States on its own behalf and on behalf of the District of Columbia with all jurisdictions legally joining in substantially the following form:

"The contracting States solemnly agree that:

### "Article I

"The party States find that charges outstanding against a prisoner, detainers based on untried indictments, informations, or complaints and difficulties in securing speedy trial of persons already incarcerated in other jurisdictions, produce uncertainties which obstruct programs of prisoner treatment and rehabilitation. Accordingly, it is the policy of the party States and the purpose of this agreement to encourage the expeditious and orderly disposition of such charges and determination of the proper status of any and all

Complete Annotation Materials, see Title 18, U.S.C.A.

INTERSTATE AGREEMENTS ON DETAINERS                **18 App. 2**

detainers based on untried indictments, informations, or complaints. The party States also find that proceedings with reference to such charges and detainers, when emanating from another jurisdiction, cannot properly be had in the absence of cooperative procedures. It is the further purpose of this agreement to provide such cooperative procedures.

"Article II

"As used in this agreement:

"(a) 'State' shall mean a State of the United States; the United States of America; a territory or possession of the United States; the District of Columbia; the Commonwealth of Puerto Rico.

"(b) 'Sending State' shall mean a State in which a prisoner is incarcerated at the time that he initiates a request for final disposition pursuant to article III hereof or at the time that a request for custody or availability is initiated pursuant to article IV hereof.

"(c) 'Receiving State' shall mean the State in which trial is to be had on an indictment, information, or complaint pursuant to article III or article IV hereof.

Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party State, and whenever during the continuance of the term of imprisonment there is pending in any other party State any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred and eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint: *Provided*, That, for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decision of the State parole agency relating to the prisoner.

"(b) The written notice and request for final disposition referred to in paragraph (a) hereof shall be given or sent by the prisoner to the warden, commissioner of corrections, or other official having custody of him, who shall promptly forward it together with the certificate to the appropriate prosecuting official and court by registered or certified mail, return receipt requested.

"(c) The warden, commissioner of corrections, or other official having custody of the prisoner shall promptly inform him of the source and contents of any detainer lodged against him and shall also inform him of his right to make a request for final disposition of the indictment, information, or complaint on which the detainer is based.

"(d) Any request for final disposition made by a prisoner pursuant to paragraph (a) hereof shall operate as a request for final disposition of all untried indictments, informations, or complaints on the basis of which detainers have been lodged against the prisoner from the State to whose prosecuting official the request for final disposition is specifically directed. The warden, commissioner of corrections, or other official having custody of the prisoner shall forthwith notify all appropriate prosecuting officers and courts in the several jurisdictions within the State to which the prisoner's request for final disposition is being sent of the proceeding being initiated by the prisoner. Any notification sent pursuant to this paragraph shall be accompanied by copies of the prisoner's written notice, request, and the certificate. If trial is not had on any indictment, information, or complaint contemplated hereby prior to the return of the prisoner to the original place of imprisonment, such indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

"(e) Any request for final disposition made by a prisoner pursuant to paragraph (a) hereof shall also be deemed to be a waiver of extradition with respect to any charge or proceeding contemplated thereby or included therein by reason of paragraph (d) hereof, and a waiver of extradition to the receiving State to serve any sentence there imposed upon him, after completion of his term of imprisonment in the sending State. The request for final disposition shall also constitute a consent by the prisoner to the production of his body in any court where his presence may be required in order to effectuate the purposes of this agreement and a further consent voluntarily to be returned to the original place of imprisonment in accordance with the provisions of this agreement. Nothing in this paragraph shall prevent the imposition of a concurrent sentence if otherwise permitted by law.

"(f) Escape from custody by the prisoner subsequent to his execution of the request for final disposition referred to in paragraph (a) hereof shall void the request.

"(a) The appropriate officer of the jurisdiction in which an untried indictment, information, or complaint is pending shall be entitled to have a prisoner against whom he has lodged a detainer and who is serving a

ARTICLE V
Paragraph (C) & (E)

term of imprisonment in any party State made available in accordance with article V(a) hereof upon presentation of a written request for temporary custody or availability to the appropriate authorities of the State in which the prisoner is incarcerated: *Provided,* That the court having jurisdiction of such indictment, information, or complaint shall have duly approved, recorded, and transmitted the request: *And provided further,* That there shall be a period of thirty days after receipt by the appropriate authorities before the request be honored, within which period the Governor of the sending State may disapprove the request for temporary custody or availability, either upon his own motion or upon motion of the prisoner.

"(b) Upon request of the officer's written request as provided in paragraph (a) hereof, the appropriate authorities having the prisoner in custody shall furnish the officer with a certificate stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the State parole agency relating to the prisoner. Said authorities simultaneously shall furnish all other officers and appropriate courts in the receiving State who has lodged detainers against the prisoner with similar certificates and with notices informing them of the request for custody or availability and of the reasons therefor.

In respect of any proceeding made possible by this article, trial shall be commenced within one hundred and twenty days of the arrival of the prisoner in the receiving State, but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

"(d) Nothing contained in this article shall be construed to deprive any prisoner of any right which he may have to contest the legality of his delivery as provided in paragraph (a) hereof, but such delivery may not be opposed or denied on the ground that the executive authority of the sending State has not affirmatively consented to or ordered such delivery.

"(e) If trial is not had on any indictment, information, or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to article V(e) hereof, such indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

"Article V

- "(a) In response to a request made under article III or article IV hereof, the appropriate authority in a sending State shall offer to deliver temporary custody of such prisoner to the appropriate authority in the State where such indictment, information, or complaint is pending against such person in order that speedy and efficient prosecution may be had. If the request for final disposition is made by the prisoner, the offer of temporary custody shall accompany the written notice provided for in article III of this agreement. In the case of a Federal prisoner, the appropriate authority in the receiving State shall be entitled to temporary custody as provided by this agreement or to the prisoner's presence in Federal custody at the place of trial, whichever custodial arrangement may be approved by the custodian.

"(b) The officer or other representative of a State accepting an offer of temporary custody shall present the following upon demand:

"(1) Proper identification and evidence of his authority to act for the State into whose temporary custody this prisoner is to be given.

"(2) A duly certified copy of the indictment, information, or complaint on the basis of which the detainer has been lodged and on the basis of which the request for temporary custody of the prisoner has been made.

If the appropriate authority shall refuse or fail to accept temporary custody of said person, or in the event that an action on the indictment, information, or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided in article III or article IV hereof, the appropriate court of the jurisdiction where the indictment, information, or complaint has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect.

"(d) The temporary custody referred to in this agreement shall be only for the purpose of permitting prosecution on the charge or charges contained in one or more untried indictments, informations, or complaints which form the basis of the detainer or detainers or for prosecution on any other charge or charges arising out of the same transaction. Except for his attendance at court and while being transported to or from any place at which his presence may be required, the prisoner shall be held in a suitable jail or other facility regularly used for persons awaiting prosecution.

"(e) At the earliest practicable time consonant with the purposes of this agreement, the prisoner shall be returned to the sending State.

"(f) During the continuance of temporary custody or while the prisoner is otherwise being made available for trial as required by this agreement, time being served on the sentence shall continue to run but good time shall be earned by the prisoner only if, and to the extent that, the law and practice of the jurisdiction which imposed the sentence may allow.

INTERSTATE AGREEMENTS ON DETAINERS          18 App. 2

"(g) For all purposes other than that for which temporary custody as provided in this agreement is exercised, the prisoner shall be deemed to remain in the custody of and subject to the jurisdiction of the sending State and any escape from temporary custody may be dealt with in the same manner as an escape from the original place of imprisonment or in any other manner permitted by law.

"(h) From the time that a party State receives custody of a prisoner pursuant to this agreement until such prisoner is returned to the territory and custody of the sending State, the State in which the one or more untried indictments, informations, or complaints are pending or in which trial is being had shall be responsible for the prisoner and shall also pay all costs of transporting, caring for, keeping, and returning the prisoner. The provisions of this paragraph shall govern unless the States concerned shall have entered into a supplementary agreement providing for a different allocation of costs and responsibilities as between or among themselves. Nothing herein contained shall be construed to alter or affect any internal relationship among the departments, agencies, and officers of and in the government of a party State, or between a party State and its subdivisions, as to the payment of costs, or responsibilities therefor.

"Article VI

"(a) In determining the duration and expiration dates of the time periods provided in articles III and IV of this agreement, the running of said time periods shall be tolled whenever and for as long as the prisoner is unable to stand trial, as determined by the court having jurisdiction of the matter.

"(b) No provision of this agreement, and no remedy made available by this agreement shall apply to any person who is adjudged to be mentally ill.

"Article VII

"Each State party to this agreement shall designate an officer who, acting jointly with like officers of other party States, shall promulgate rules and regulations to carry out more effectively the terms and provisions of this agreement, and who shall provide, within and without the State, information necessary to the effective operation of this agreement.

"Article VIII

"This agreement shall enter into full force and effect as to a party State when such State has enacted the same into law. A State party to this agreement may withdraw herefrom by enacting a statute repealing the same. However, the withdrawal of any State shall not affect the status of any proceedings already initiated by inmates or by State officers at the time such withdrawal takes effect, nor shall it affect their rights in respect thereof.

"Article IX

"This agreement shall be liberally construed so as to effectuate its purposes. The provisions of this agreement shall be severable and if any phrase, clause, sentence, or provision of this agreement is declared to be contrary to the constitution of any party State or of the United States or the applicability thereof to any government, agency, person, or circumstance is held invalid, the validity of the remainder of this agreement and the applicability thereof to any government, agency, person, or circumstance shall not be affected thereby. If this agreement shall be held contrary to the constitution of any State party hereto, the agreement shall remain in full force and effect as to the remaining States and in full force and effect as to the State affected as to all severable matters." (Pub.L. 91-538, § 2, Dec. 9, 1970, 84 Stat. 1397.)

§ 3.  Definition of term "Governor" for purposes of United States and District of Columbia

The term "Governor" as used in the agreement on detainers shall mean with respect to the United States, the Attorney General, and with respect to the District of Columbia, the Mayor of the District of Columbia.

(Pub.L. 91-538, § 3, Dec. 9, 1970, 84 Stat. 1402.)

HISTORICAL AND STATUTORY NOTES

Transfer of Functions

"Mayor of the District of Columbia" was substituted for "Commissioner of the District of Columbia" pursuant to section 421 of Pub.L. 93-198. The Office of Commissioner of the District of Columbia, as established by Reorg. Plan No. 3 of 1967, was abolished as of noon Jan. 2, 1975, by Pub.L. 93-198, Title VII, § 711, Dec. 24, 1973, 87 Stat. 818, and replaced by the Office of Mayor of the District of Columbia by section 421 of Pub.L. 93-198, classified to section 1-241 of the District of Columbia Code.

§ 4.  Definition of term "appropriate court"

The term "appropriate court" as used in the agreement on detainers shall mean with respect to the United States, the courts of the United States, and with respect to the District of Columbia, the courts of the District of Columbia, in which indictments, informations, or complaints, for which disposition is sought, are pending.

(Pub.L. 91-538, § 4, Dec. 9, 1970, 84 Stat. 1402.)

§ 5.  Enforcement and cooperation by courts, departments, agencies, officers, and employees of United States and District of Columbia

All courts, departments, agencies, officers, and employees of the United States and of the District of Columbia are hereby directed to enforce the agreement on detainers and to cooperate with one another

**18 App. 2**                              **APPENDIX 2**

and with all party States in enforcing the agreement and effectuating its purpose.

(Pub.L. 91–538, § 5, Dec. 9, 1970, 84 Stat. 1402.)

**§ 6.  Regulations, forms, and instructions**

For the United States, the Attorney General, and for the District of Columbia, the Mayor of the District of Columbia, shall establish such regulations, prescribe such forms, issue such instructions, and perform such other acts as he deems necessary for carrying out the provisions of this Act.

(Pub.L. 91–538, § 6, Dec. 9, 1970, 84 Stat. 1403.)

### HISTORICAL AND STATUTORY NOTES
**References in Text**

This Act, referred to in text, is Pub.L. 91–538, Dec. 9, 1970, 84 Stat. 1397, known as the "Interstate Agreement on Detainers Act".

**Transfer of Functions**

"Mayor of the District of Columbia" was substituted for "Commissioner of the District of Columbia" pursuant to section 421 of Pub.L. 93–198. The Office of Commissioner of the District of Columbia, as established by Reorg. Plan No. 3 of 1967, was abolished as of noon Jan. 2, 1975, by Pub.L. 93–198, Title VII, § 711, Dec. 24, 1973, 87 Stat. 818, and replaced by the Office of Mayor of the District of Columbia by section 421 of Pub.L. 93–198, classified to section 1–241 of the District of Columbia Code.

**§ 7.  Reservation of right to alter, amend, or repeal**

The right to alter, amend, or repeal this Act is expressly reserved.

(Pub.L. 91–538, § 7, Dec. 9, 1970, 84 Stat. 1403.)

### HISTORICAL AND STATUTORY NOTES
**References in Text**

This Act, referred to in text, is Pub.L. 91–538, Dec. 9, 1970, 84 Stat. 1397, known as the "Interstate Agreement on Detainers Act".

**§ 8.  Effective date**

This Act shall take effect on the ninetieth day after the date of its enactment.

(Pub.L. 91–538, § 8, Dec. 9, 1970, 84 Stat. 1403.)

### HISTORICAL AND STATUTORY NOTES
**References in Text**

This Act, referred to in text, is Pub.L. 91–538, Dec. 9, 1970, 84 Stat. 1397, known as the "Interstate Agreement on Detainers Act".

The date of its enactment, referred to in text, means Dec. 9, 1970.

**§ 9.  Special provisions when United States is a receiving State**

Notwithstanding any provision of the agreement on detainers to the contrary, in a case in which the United States is a receiving State—

(1) any order of a court dismissing any indictment, information, or complaint may be with or without prejudice. In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: The seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of the agreement on detainers and on the administration of justice; and

(2) it shall not be a violation of the agreement on detainers if prior to trial the prisoner is returned to the custody of the sending State pursuant to an order of the appropriate court issued after reasonable notice to the prisoner and the United States and an opportunity for a hearing.

(Pub.L. 91–538, § 9, as added Pub.L. 100–690, Title VII, § 7059, Nov. 18, 1988, 102 Stat. 4403.)