Michael P. Halle                    Case # CA 05-30084-MAP
        Vs.
Hampden County Jail
Palmer District Court.

Clerk of Courts
U.S. District Court
1550 Main Street
Springfield, Ma. 01103

Re: Amended Supplement
    Supporting Documents,
    Petition for Writ of Habeas Corpus.
Re: Statement of the Facts
    Fact Number (7.)

        Enclosed is a Certified Copy
of Special Status Hearing,
(October 5, 2004) Before; Honorable
Victor J. Musleh. Florida Circuit Judge.

Please see (pg. 4 18-21)(pg. 5)(pg.24)
of the Certified Copy of the
proceedings. (Also See pg. 8.)

```
 1          IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
                   OF FLORIDA, AND FOR MARION COUNTY
 2
               CASE NO.: 02-2163, 02-4410, 01-2641
 3                        01-2366, 01-1948, 01-1780

 4    STATE OF FLORIDA

 5    vs.                          CERTIFIED

 6    MICHAEL HALLE,                  COPY

 7            Defendant.
      _____/
 8

 9    PROCEEDINGS:              Special Status Hearing

10    BEFORE:                   Honorable Victor J. Musleh
                                Circuit Judge
11                              Fifth Judicial Circuit
                                In and For Marion County, Florida
12
      REPORTED BY:              Noelani J. Fehr
13                              Stenographic Court Reporter
                                Notary Public
14                              State of Florida at Large

15    DATE AND TIME:            October 5, 2004, 9:59-10:17 a.m.

16    PLACE:                    Judge's Chambers
                                Marion County Judicial Center
17                              Ocala, Florida

18    APPEARANCES:              MICHELLE JANSON, A.S.A., and
                                AMY BERNDT, A.S.A.
19                              State Attorney's Office
                                19 N.W. Pine Avenue
20                              Ocala, Florida 34470
                                Attorney for State
21
                                LEANNE BARNES, A.P.D.
22                              Office of the Public Defender
                                204 N.W. 3rd Avenue
23                              Ocala, Florida 34475
                                Attorney for Defendant
24

25
```

2

1

APPEARANCES:

2                                    THOMAS DALE SMITH, A.S.P.
                                     Assistant Statewide Prosecutor
3                                    Office of Statewide Prosecution
                                     Concourse Center 4
4                                    3507 Frontage Road, Suite 350
                                     Tampa, Florida 33607-7013
5                                    Attorney for State

6                                    CHARLES PAUL HORN, Esq.
                                     4121 East Silver Springs Blvd.
7                                    Ocala, Florida 34470
                                     Attorney for Defendant

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

3

1     (Thereupon, the following proceedings were had:)

2     THE COURT:  What case is this?  Is this case

3     Michael Halle; is that it?

4     MS. JANSON:  Yes, your Honor.

5     THE COURT:  Okay.  All right.  All right.  What

6     are we doing on --

7     THE CLERK:  Your Honor, the P.D. says they

8     represent this defendant.

9     THE COURT:  The P.D. represents him, Michael

10    Halle?

11    MR. HORN:  The P.D. does on some, and I do on the

12    older cases, so I came in for status.

13    THE COURT:  Well, which ones?  Do you all know

14    which ones you're representing him on, each of you?

15    MR. HORN:  No.

16    MS. BARNES:  I just -- I believe he just picked

17    up two new cases.  I have all of them here.  And my

18    secretary gave them to me --

19    THE COURT:  Okay.  I am going to call them all

20    out, and you all can tell me who --

21    MS. BARNES:  Well, he needs to tell me which

22    cases that he filed a notice on and then I'll --

23    MR. HORN:  Well, I mean, mine were old cases.

24    MS. BARNES:  Is that -- is that the VOPs?

25    MR. HORN:  It would have been, yeah, I believe.

4

1    THE COURT:  All right.  Well, let's go through

2    it.  State vs. Michael Halle, 02-4410, 2163, and

3    01-2641, 2366, 1948, and 1780.

4        Now, I understand that Mr. Horn represents the

5    defendant on some cases and the Public Defender on

6    others.  And which ones are which?

7        MR. HORN:  Well, I wouldn't have had any of the

8    cases that I believe arose --

9        THE COURT:  You don't have any of the '01s, is

10   that what you're saying?

11       MR. HORN:  Well, I have the old ones.

12       THE COURT:  You've got the '01s, the four '01s?

13       MR. HORN:  I believe so.  I entered a notice of

14   appearance in those cases.

15       MS. JANSON:  Okay.

16       MR. HORN:  I was just contacted by your office to

17   come in here today.

18       MS. JANSON:  I'm showing Mr. Horn on the 02-4410,

19   02-2163.  But also Mr. Smith is here on 02-1144, which

20   is a Hernando County case.

21       THE COURT:  1144.

22       MR. HORN:  Why are we here --

23       THE COURT:  What is that?

24       THE COURT REPORTER:  I'm sorry, I can't hear you,

25   sir.

5

1          MR. HORN:  Why are we here on a Hernando case?

2          MS. JANSON:  Because he was brought back from New

3     York and they have -- they have a hold on him, also,

4     for the Hernando County case.  And we're trying to get

5     them --

6          THE COURT:  Okay.  So what are we doing this

7     morning?

8          MS. JANSON:  -- resolved at one time.  This --

9     this was set up as kind of as a status.  He -- he was

10    brought back from I believe it was New York.

11         MR. SMITH:  Massachusetts.

12         MR. HORN:  Massachusetts.

13         MS. JANSON:  Massachusetts.  I'm sorry.

14         THE COURT:  Okay.

15         MS. JANSON:  And the Statewide Prosecution has

16    the case out of Hernando County.

17         THE COURT:  Okay.

18         MS. JANSON:  Our cases we were going to try to

19    resolve maybe concurrent to theirs --

20         THE COURT:  Okay.

21         MS. JANSON:  -- to get rid of it.  So this is

22    more of a status because we -- we've had him since --

23    well, it was one hundred and eighty days during June

24    22nd of '04.  So we need to have something -- we need

25    to start working on it and do something with it.

6

1        I contacted Mr. Horn for a while.  The defendant

2    couldn't be transported to the jail.  But this is more

3    of a status to figure out what is going on with the

4    cases.  Obviously, I only have two of the cases, and

5    so I don't have the '01 cases.

6        THE COURT:  Well, who's got the others?

7        MS. JANSON:  I'm assuming if their VOPs they just

8    haven't been transferred to me at this point.

9        THE COURT:  Well, we need to go ahead and set

10   them for trial, then, if he -- either plea or set them

11   for trial, one or the other.

12       MR. HORN:  That's --

13       THE COURT:  He's got four Violation Of Probation

14   cases.

15       MS. JANSON:  Okay.  So those are the ones I need

16   to get.  And then the 02-2163 and 02-440 -- 4410 --

17       THE COURT:  He's facing on the Violation Of

18   Probation, let me see how many years.  Probably the

19   max.  Fifteen, twenty-five, then thirty-five --

20       MS. JANSON:  Well, Judge, and I don't --

21       THE COURT:  -- and then thirty-five, and

22   forty-five years in the violations up -- the maximum

23   of forty-five.

24       MR. HORN:  Of course he doesn't score anywhere

25   near that --

7

1          MS. JANSON:  Judge, I don't know that our cases

2     are going to be that much of a consequence to him.  He

3     seems to be scoring quite a bit with the Statewide

4     Prosecution case.

5          THE COURT:  Well, forty-five isn't -- isn't --

6     and in the new cases he's got ten, twenty -- twenty on

7     the new cases, max.  And I'm talking about maximum.

8     He's got a maximum of -- of sixty-five years.  And I'm

9     talking about maximums.  I'm talking about that he

10    could be sentenced to that, put it that way, maximum

11    of sixty-five years.  So he's --

12         MR. HORN:  That's statutory maximum.

13         THE COURT:  -- if he's got life he needs to

14    understand that.

15         MR. HORN:  Of course I don't know what he scores

16    on the guidelines sheet.

17         THE COURT:  Well, I don't know about the

18    guidelines.  But you can go above the guidelines, as

19    you well know.

20         MR. HORN:  Well, you can.  I don't know of the

21    likelihood if you can or not, I mean, that's coming up

22    again --

23         THE COURT:  You can -- you can go above

24    guidelines.  You can go up to the maximum --

25         MR. HORN:  Right.

8

1          THE COURT:  -- depending on the circumstances.

2     In any event, I don't need to get into all that.  What

3     are we doing with the cases?

4          MS. JANSON:  Well --

5          MR. SMITH:  Your Honor, if I could just speak of

6     mine for a second, the 02-1144-CF.

7          THE COURT:  Okay.

8          MR. SMITH:  Mr. Halle is pro se in that case.

9     That is a racketeering case, conspiracy to commit

10    racketeering, organized fraud, and twenty-four counts

11    of uttering.

12         THE COURT:  That -- that is -- excuse me, that's

13    in the Hernando County case?

14         MR. SMITH:  Yes, sir, it is.

15         THE COURT:  Okay.  All right.

16         MR. SMITH:  We were set for trial.  Mr. Halle was

17    representing himself.  And Mr. Halle FTA-ed for trial.

18         THE COURT:  Okay.

19         MR. SMITH:  The next time we heard from Mr.

20    Halle was when we were contacted by the folks in

21    Massachusetts saying he's in custody.

22         THE COURT:  Okay.

23         MR. SMITH:  The Assistant State Attorney and I

24    are really here just to kind of get Mr. Halle in one

25    pile somewhere.  If I had my druthers, I would say

Owen & Associates (352) 624-2258

1    let's do the VOPs first and see where he scores.

2         He scores, the bottom of the guidelines, without

3    the FTA and without these new charges in my case,

4    seven years.

5         THE COURT:  Okay.  So what are we going to do?

6         MR. HORN:  Well, I mean, it seems to me you

7    should consolidate the VOPs with the substantive

8    charges that are against him.

9         And then we can go to trial on the FTAs because,

10   I mean, you know, the State has to prove that he

11   failed to appear, which I don't know if they can.

12        MR. SMITH:  Your Honor, I have no intention of

13   taking him to trial on the FTAs.

14        THE COURT:  Okay.

15        MR. SMITH:  On my FTAs.

16        THE COURT:  Right.

17        MR. SMITH:  He has serious VOPs.  The FTA going

18   to trial --

19        MR. HORN:  Well, what's the basis of the

20   violation?

21        MS. JANSON:  And, I mean, at this point I don't

22   have a copy of the violations in front of me.  But if

23   there's something other than these new cases that have

24   violated him, which I'm assuming there probably is,

25   then the VOPs probably would take care of these cases,

10

1    because he doesn't score mandatory jail time on our

2    two cases.

3         THE COURT:  Right.

4         MS. JANSON:  But that's not of any --

5         THE COURT:  Let me just -- let me just put it

6    this way.  What's the minimum guidelines on these six

7    cases?  What does he score?  Do we know?

8         MS. JANSON:  I don't know because I don't have

9    the VOPs.  The VOP score sheet would make the

10   difference.  He's --

11        THE COURT:  Yeah.

12        MS. JANSON:  -- on the two new ones --

13        THE COURT:  Well, what does he score on the two

14   new cases without the Violation Of Probations?

15        MS. JANSON:  He's scoring thirty-six points -- or

16   thirty-nine points, which is no mandatory --

17        THE COURT:  That's right.

18        MS. JANSON:  -- or no minimum jail time.

19        THE COURT:  Okay.  What does he score on the

20   Violation Of Probation cases?  First of all, is he

21   cooperating on whatever it is you all --

22        MR. SMITH:  No, sir.

23        THE COURT:  He's not?

24        MR. SMITH:  Not on ours.

25        THE COURT:  Okay.  What -- what does he score

11

1    then on the Violation Of Probations?

2           MS. JANSON:  That I don't have the score sheet

3    on.  This is actually -- Mr. Smith had faxed me this

4    score sheet.  Because in a sense -- I mean, for us to

5    take ours to trial, if he got put on probation or

6    something like that, that's not going to make any

7    difference if he's ending up going to prison for a

8    minimum seven years on the --

9           THE COURT:  But he's got --

10          MS. JANSON:  -- Hernando County case.

11          THE COURT:  Yeah, but, see, we're just going

12   around in a circle.  He -- forget about the case in

13   Hernando County right now.

14          MS. JANSON:  Okay.

15          THE COURT:  He's face -- he's got two cases, new

16   cases, in which he doesn't score prison on,

17   mandatorily score prison on, but he's got four

18   Violation Of Probation cases.  And I'm sure that's

19   going to put him over the hump.

20          However, he can still go to prison with all -- on

21   these cases up to sixty-five years.  And he needs --

22   and that's what he needs to understand.

23          MR. HORN:  Well, I'm sure he understands that,

24   your Honor, but --

25          THE COURT:  Okay.  As long as he understands.

12

1          MR. HORN:  -- the basis for the violation, I

2     don't know if the Public Defender --

3          THE COURT:  Well, he's got two new cases.

4          MR. HORN:  -- is talking about the other cases.

5          THE COURT:  He's got two new cases.

6          MR. HORN:  Are those your new cases?

7          THE COURT:  He's representing him on these two

8     new cases.

9          MS. BARNES:  So you represent him on the VOPs?

10          MR. HORN:  I believe I represent him on every

11     case that I filed an appearance on back in --

12          THE COURT:  Well, what are the -- what is that,

13     Mr. Horn?  What did you file an appearance on?  You

14     don't know what --

15          MR. HORN:  Well, I mean --

16          THE COURT:  -- cases you filed an appearance on?

17          MR. HORN:  -- I was just called in here, your

18     Honor.  I mean, I didn't prepare this hearing.

19          THE COURT:  All you've got to do is look in your

20     file and see what you filed an appearance on, what

21     cases.

22          MR. HORN:  They brought him back from

23     Massachusetts.  He has -- he has a case down in

24     Hernando County.  Apparently they want to expedite it,

25     so --

13

1          THE COURT:  Okay.  What you're telling me is you

2    don't know what cases you're representing him on.

3          THE DEFENDANT:  This is all the 2002 cases.

4          MR. HORN:  2002 cases.  Whatever I filed an

5    appearance on.

6          THE COURT:  You're representing him on the two

7    new cases.  Okay.

8          MR. HORN:  And I believe we were in the basis of

9    contesting these VOPs and having the VOP -- I mean,

10   these VOPs didn't arise during -- I mean, when the

11   Hernando County cases came up.  We were in the

12   process --

13         THE COURT:  Well, what does that mean --

14         MR. HORN:  -- of contesting it.

15         THE COURT:  But these two cases here came up.

16         MR. HORN:  Those two -- your Honor, I mean, this

17   is a convoluted record.  First of all, some of these

18   charges -- the -- the Statewide Prosecutor, if I may

19   speak, basically charged him with a racketeering

20   pattern within the five county area within the State

21   of Florida.

22         THE COURT:  Okay.

23         MR. HORN:  So all these charges may even be

24   encompassed in the Hernando County charge, which I

25   believe they are, or may have been.  Because he was

14

1    charged with -- there's a -- basically, he's charged

2    with this and -- and they bring these separate

3    charges.

4         But that's part of the racketeering charges,

5    whether they're going to sustain that.  So some of

6    these cases probably need to disappear anyway.  All

7    the Marion County cases --

8         THE COURT:  They ain't going to disappear.

9         MR. HORN:  Well, your Honor, they were

10   encompassed within that case.

11        THE COURT:  Well, we don't know -- I don't know

12   that.

13        MR. SMITH:  And I don't either, Judge.

14        THE COURT:  Okay.

15        MR. HORN:  I believe they were.

16        THE COURT:  Well, we don't know then.  So what

17   are we going to do?  What are we doing here this

18   morning?

19        MS. JANSON:  I mean --

20        THE DEFENDANT:  They were in my discovery --

21        MS. JANSON:  -- I'm fine going forward with --

22   I'm assuming the VOPs are going to have a -- are also

23   going to be a VOP for absconding since he was in

24   Massachusetts.  I don't know that since I haven't

25   actually seen a Violation Of Probation.

15

1          If it is something other than these cases, since

2     that's what he's going to score the prison on, I say

3     do the VOPs first.  And by that time we can find out

4     if these are encompassed with it.

5          But I've had several conversation -- just for the

6     record so everybody knows -- I've had several

7     conversations with Mr. Horn about these cases.  He's

8     even called me and asked me if we would consider just

9     getting rid of these cases since the Statewide

10    Prosecution is prosecuting him.

11         THE COURT:  Well, what I suggest you do, I

12    guess -- Mr. Smith, are you all going to go to trial

13    over there soon?

14         MR. SMITH:  Sir, since Mr. Halle FTA-ed we

15    haven't looked at doing a trial since we've now got

16    him back.

17         THE COURT:  Okay.  All right.

18         MR. SMITH:  To be honest, it was a very large

19    case with a lot of witnesses --

20         THE COURT:  Right.

21         MR. SMITH:  -- and once Mr. Halle, you know,

22    FTA-ed it kind of threw our trial plans into chaos.

23         THE COURT:  Is this the same case that we've had

24    other things on?  Is this --

25         MR. SMITH:  No, sir.

15

1          THE COURT:  This is different?  Okay.  I was -- I

2     was sort of confused.

3          MR. SMITH:  Well, I can confirm --

4          MR. HORN:  I'm sorry.  I don't want to

5     interrupt --

6          MR. SMITH:  Can I finish, Mr. Horn?

7          MR. HORN:  Sure.

8          MR. SMITH:  This case Mr. Halle is his own

9     attorney on, pro se.  However, what I would like to do

10     is have the Marion County cases and the VOPs settled

11     first, and then see where we are --

12          THE COURT:  Okay.

13          MR. SMITH:  -- and depending on what the State --

14          THE COURT:  Okay.  Well, let's go ahead and put

15     them on a trial docket then.

16          MR. HORN:  Can we run the -- the problem is I

17     have discovery here.  And it mentions these cases in

18     conjunction with the racketeering cases.

19          THE DEFENDANT:  On the Statewide case.

20          MR. HORN:  So I believe he's been charged with

21     these already.  And that --

22          THE COURT:  Well, if that's true then over there

23     in Hernando County he can argue that later on.  And if

24     he wants to go to trial and he says he's already been

25     tried on that then it would be double jeopardy and

17

1    then you can throw it out.

2            MR. SMITH:  Sure.

3            THE COURT:  That's real simple.

4            MR. SMITH:  Right.

5            MR. HORN:  Well, okay, then we can argue that.

6    But the other thing is, I mean, if we're going to try

7    the -- I believe there's FTAs that result from -- from

8    the Violation Of Probations.  There also FTA charges

9    along with them.

10           And I think if that's the basis for the violation

11   in these cases, we need to go ahead and try the FTAs

12   and consolidate them because we -- we have a trial

13   issue and he's going in front of a jury on the VOPs.

14           THE COURT:  No, you don't go in front of a jury

15   on the VOPs.  You'll go in front of a jury on these

16   two new cases.

17           MR. HORN:  I understand that.  But if -- what I'm

18   saying, your Honor, is if the basis for the violation

19   is the FTAs, I think they should be consolidated and

20   we should try the FTAs.  Because, I mean, you're

21   saying --

22           THE COURT:  I don't know what you're saying.

23           MR. HORN:  I'm saying because if they're

24   violating him because of an FTA --

25           THE COURT:  No, they're violating him I guess

Owen & Associates (352) 624-2258

13

1    because of the FTA --

2         MR. HORN:  No --

3         THE COURT:  -- and these new cases.

4         MR. HORN:  -- the new cases were around way back

5    when.  And they didn't violate him as a result of the

6    new cases.

7         THE COURT:  Well, in any event, set them on the

8    trial docket in November.

9         MS. JANSON:  November.

10        THE COURT:  We're going to set them on the trial

11   docket in November.  Let's --

12        MR. HORN:  What trial docket, the jury --

13        THE COURT:  The trial --

14        MR. HORN:  -- trial docket?

15        THE COURT:  -- docket, yeah.  I can hear -- I can

16   hear the Violation Of Probation, it's the same

17   evidence that we'll hear in the jury trial.

18        MR. HORN:  That's fine.

19        THE COURT:  That's the way to do it rather than

20   having two different trials with the same testimony.

21        MR. HORN:  That's fine.

22        THE COURT:  Does he understand -- right now who

23   is going to be trying the cases, which one of you?

24        MS. BARNES:  He -- if he's representing him on

25   the new cases --

19

1        THE COURT:  Okay.  He'll be --

2        MS. BARNES:  -- then we only have the VOPs.

3        THE COURT:  -- trying them.  All right.  Okay.

4    And you'd better be there because we're going to be

5    trying them both at the same time.

6        MS. JANSON:  And, Judge, it looks like the

7    violations were him not filing a written monthly

8    report, for him not filing a change of address.

9        THE COURT:  Does it say anything about

10   whereabouts unknown, or anything like that?

11       MS. JANSON:  Uhmm, and having this case transfer

12   -- they attempted to contact him on May the 30th,

13   2002, while attempting a routine home personal

14   contact --

15       THE COURT:  Excuse me, let me see what it says.

16       MS. JANSON:  I believe the suspect's mother is

17   the one who notified them that he was --

18       THE COURT:  He's got condition five.  That's the

19   most serious one he's got, the new charges.

20       MS. JANSON:  New charges.  So I mean, there are

21   conditions that he violated.

22       MR. HORN:  Obviously, I have a thing here showing

23   he reported in 2003.  And then we have a reason -- I

24   mean, obviously, if the State is contending he didn't

25   report, there's -- I mean, we have a fairly

20

1    substantial defense on that.

2            THE COURT:  Okay.  Well, that --

3            MR. HORN:  I don't want to tip the defense at

4    this point.

5            THE COURT:  Okay.  You don't need to do that.

6    But condition five is the most serious one on here.

7            MR. HORN:  Which is?

8            THE COURT:  And condition five is he has new

9    charges.

10           MR. HORN:  I don't believe he does, your Honor.

11           THE COURT:  Well, we'll see.  I mean --

12           MR. HORN:  I believe those are old charges.

13           THE COURT:  -- he's got two new charges.  He

14   definitely has that.

15           MR. HORN:  They were recycled.  If the Court

16   recalls this case, this goes back three years.  He was

17   ROR-ed on those charges, I believe, before filing the

18   VOPs --

19           THE COURT:  Look, he's got two new charges, and

20   we'll go to trial with them, and with the four

21   violations at the same time, and get -- and get all

22   six cases taken care of.

23           MR. HORN:  And the FTAs, as well.

24           THE COURT:  Well, we're not going to have the

25   FTAs in front of the jury.

21

1          MR. HORN:  Why not?  That's a jury trial issue,
2     your Honor.
3          THE COURT:  What?  A Failure To Appear?
4          MR. HORN:  Yes, sir.
5          THE COURT:  No.  You show me some law that says
6     that's a jury trial issue and we'll have a jury decide
7     it.
8          MR. HORN:  I believe it is.  I believe it is.
9          THE COURT:  I've never heard of that before in my
10    life.  However, if that's true, give me some law to
11    that effect.  Set them on the November -- when is the
12    November docket, Ms. Berndt?  When is it?
13         MS. BERNDT:  It's the last week of November, the
14    first week of December.
15         THE COURT:  Okay.  It's the last week of November
16    and the first week of December.
17         MR. HORN:  Does the State have an offer on any of
18    these?  I mean, I've talked -- I don't --
19         MS. JANSON:  I am going to have to pull the VOP
20    file.
21         MR. HORN:  I didn't think I talked to you.  I
22    thought it was --
23         MS. JANSON:  You talked to me several times.
24         MR. HORN:  Okay.  I'm sorry about that.
25         MS. JANSON:  Yeah, we talked several times.

23

1          MR. HORN:  Okay.  I know you called me.

2          THE COURT:  Okay.  If you can't settle them

3     before then, let me know.

4          MS. JANSON:  I mean, do you have number I can

5     reach you at --

6          MR. HORN:  Sure.

7          MS. JANSON:  -- because I've tried a couple of

8     numbers.

9          MR. HORN:  895-2963.  And you reached me at that

10     three times.

11          MS. JANSON:  2963?

12          MR. HORN:  Right.

13          THE COURT:  Okay.  One thing, sir, that you need

14     to know is on your -- do you understand what we're

15     saying?  We're going to go to trial on the two new

16     cases in front of a jury.  They decide that.  The four

17     Violation Of Probations they don't decide.

18          In other words, they can find you guilty on the

19     new cases and I can say I don't think you are.  But

20     it's a different burden.  It's less than reasonable

21     doubt.  Or they can say you're not guilty and I can

22     say I think you are.

23          So you can be found not guilty by the jury and

24     guilty on the violations, or vice versa.  I just want

25     you to know that.  You don't get a jury trial on that.

23

1       And the burden of proof is not beyond a reasonable

2       doubt on a Violation Of Probation.  Okay.

3               MR. HORN:  And the VOPs --

4               THE COURT:  The FTAs are --

5               MR. HORN:  -- they can be tried --

6               THE COURT:  -- are not decided by the jury.  They

7       won't come out.  That would prejudice him, if you

8       bring it up that he didn't show up.  I'm not going to

9       allow the State to do that.

10              MR. HORN:  There are no FTAs, right?

11              THE COURT:  What?

12              MR. HORN:  Then there are no FTAs.

13              THE COURT:  I don't know whether there is or not.

14      Are there any FTAs?  There is?

15              MS. JANSON:  Yes, there are.

16              THE COURT:  Okay.

17              MR. HORN:  Well, what is going to happen to the

18      FTA?

19              THE COURT:  Well, he -- when she -- the State

20      can't bring those up in the trial because that would

21      be unduly prejudice.

22              MR. HORN:  I believe it's under the --

23              THE COURT:  That would be -- that's up to the

24      judge to decide whether or not he failed to appear.

25      Okay.

24

1          MR. HORN:  Okay.

2          THE COURT:  All right.

3          MR. HORN:  Your Honor, if they are, I believe

4     it's a trial --

5          THE COURT:  Well, I don't have any idea.

6          MR. HORN:  He can ask for a jury trial on the

7     FTAs before he has to go back to Massachusetts.  I

8     believe his cases have to be tried within a certain

9     time period.

10          THE COURT:  Not after -- not after he's had a

11     Failure To Appear, do they?

12          MR. HORN:  No, I believe under the -- what is it?

13     The Interstate --

14          MR. SMITH:  They do under Interstate --

15          THE COURT:  Okay.  We'll try it --

16          MR. SMITH:  -- Detainer Time.

17          THE COURT:  We'll try it in November; is that

18     sufficient?

19          MR. HORN:  Try it in November?

20          THE COURT:  Okay.

21          MS. JANSON:  That's going to fall within the time

22     for us --

23          THE COURT:  Okay.

24          MS. JANSON:  -- I don't -- I don't know about you

25     guys.

25

1          THE COURT:  All right.  We'll try it in November.

2     Put him on the November docket.  Okay.  So the two of

3     you all can get together and try to work out

4     something?

5          MR. HORN:  Yeah, we can get together --

6          MS. JANSON:  Yeah.

7          MR. HORN:  -- and try to work something out.

8          THE COURT:  Okay.  All right.

9          (The hearing was concluded at 10:17 a.m.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1                 C E R T I F I C A T E

2 STATE OF FLORIDA   )

3 COUNTY OF MARION   )

4       I, Noelani J. Fehr, Stenographic Court

5 Reporter and Notary Public, State of Florida at Large,

6 do hereby certify that I was authorized to and did

7 stenographically report the foregoing proceedings taken

8 in the case of STATE OF FLORIDA vs. MICHAEL HALLE, Case

9 Number 02-2163, 02-4410, et al and that the foregoing pages

10 numbered 1 through 25, inclusive, constitute a true and

11 correct record of the proceedings to the best of my ability.

12       I FURTHER CERTIFY that I am not a relative or

13      employee or attorney or counsel of any of the parties

14 hereto, nor a relative or employee of such attorney or

15 counsel, nor am I financially interested in the action.

16       WITNESS MY HAND AND SEAL this 30th day of

17 March, 2005, at Ocala, Marion County, Florida

18

19                 _Noelani J. Fehr_____

20        NOELANI J. FEHR

21        Stenographic Court Reporter

22        Notary Public

23        State of Florida at Large

24

25        My Commission expires: 7-24-2006

Certificate of Service

I, Michael P. Halle, hereby certify that on April 13, 2005, I served a copy of the attached Supplement of Supporting documents (Certified Copy, Transcript of Proceedings)(Special Status Hearing, October 5, 2004). by mailing a copy, postage prepaid to the following:

Michael J. Ashe, Jr.
Hampden County Sheriff
627 Randall Road
Ludlow, Ma. 01056-1089

Palmer District Court
235 Sykes Street - Suite 2
Palmer, Ma. 01069

Cathryn A. Neaves
Assistant Attorney General
One Ashburton Place,
Boston, Ma. 02108

Michael P. Halle
629 Randall Rd.
Ludlow Ma. 01056

Michael P. Halle
Michael P. Halle, Pro Se