UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL P. HALLE,<br>    Petitioner<br><br>v.<br><br>HAMPDEN COUNTY JAIL,<br>    Respondent | )<br>)<br>)<br>)<br>)   Civil Action No. 05-30084-MAP<br>)<br>)<br>)<br>) |

REPORT AND RECOMMENDATION WITH REGARD TO
RESPONDENT'S MOTION TO DISMISS (Document No. 13)
August 4, 2005

NEIMAN, U.S.M.J.

Michael P. Halle ("Petitioner"), proceeding *pro se*, brings this *habeas corpus* petition against the Hampden County Jail ("Respondent") pursuant to 28 U.S.C. § 2254. Respondent's motion to dismiss the petition has been referred to this court for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B). Although the motion, filed on June 6, 2005, is unopposed, the court also finds Respondent's arguments meritorious. Accordingly, the court will recommend that Respondent's motion be allowed.

In essence, Petitioner alleges that he is being detained, pre-trial, in violation of the Interstate Agreement on Detainers ("the IAD"), 18 U.S.C. App. 2, §§ 1-9.[1] As

---

[1] Apparently, in mid-March of 2005, just as Petitioner was completing an eighteen-month Massachusetts sentence, he was ordered detained on a Florida charge of being a fugitive from justice. As grounds for his petition, Petitioner asserted that the Florida charge violates the IAD because he had previously been transported from Massachusetts to Florida, but then returned to Massachusetts before the Florida trial.

Respondent points out, however, because the confinement at issue did not result from a state court "judgment," 28 U.S.C. § 2254(a), he is not eligible for the *habeas* relief he seeks. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489 (1973) ("[F]ederal *habeas corpus* does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court.") (citations and internal quotation marks omitted); *Benson v. Sup. Ct. Dep't of Trial Court*, 663 F.2d 355, 358 (1st Cir. 1981) (noting that section 2254 "applies only to petitions filed after the state has rendered a judgment").

Petitioner has also failed to satisfy the statutory requirement that he first exhaust his state remedies. *See* 28 U.S.C. § 2254(b) and (c). Finally, although less of a concern, Petitioner named an improper party as Respondent. *See* 28 U.S.C. § 2243 (providing that habeas writs "shall be directed to the person having custody of the person detained"); *Vasquez v. Reno*, 233 F.3d 688, 691 (1st Cir. 2000) (*habeas corpus* action may only be maintained against petitioner's "immediate custodian," *i.e.*, the "superintendent of the facility in which he is being held" and who "has day-to-day control over the petitioner").

Accordingly, the court hereby recommends that Respondent's motion to dismiss be ALLOWED.[2]

---

[2] The parties are advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within ten (10) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to

DATED: August 4, 2005

                                          /s/ Kenneth P. Neiman  
                                          KENNETH P. NEIMAN  
                                          U.S. Magistrate Judge

---

comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation.  *See Keating v. Secretary of Health & Human Services*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980).  *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.